UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANIE A. McWHORTER, | ) | CASE NO. 5:13CV2117 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On June 6, 2014, Magistrate Judge Nancy Vecchiarelli submitted her Report and Recommendation ("R&R") (Doc. No. 16) with respect to plaintiff Tiffanie McWhorter's request for judicial review of defendant Commissioner of Social Security's denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, and Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Act. The R&R recommends affirmance of the Commissioner's decision. Plaintiff has filed an objection to the R&R (Doc. No. 17), and the Commissioner has filed a response (Doc. No. 18).

Upon *de novo* review of those portions of the R&R to which plaintiff has made objection, this Court accepts the R&R, affirms the Commissioner's decision denying benefits, and dismisses this case.

## I. BACKGROUND

Because plaintiff objected only to the portion of the R&R recommending affirmance of the Commissioner's denial of benefits, the remainder of the R&R—including its account of the factual and procedural history of the case—is hereby accepted as written. (*See* R&R at 602-611.)[1] Nonetheless, the Court finds that a brief review of the salient facts is necessary to place plaintiff's objection in the proper context.

At the alleged disability onset date of October 15, 2008, plaintiff was 26 years old. She had a limited education and no past relevant work. Plaintiff alleged disability due to schizophrenia, schizoaffective disorder, bipolar disorder, and personality disorder. (*See* Plaintiff's Merits Brief, Doc. No. 13 at 576.)

The Administrative Law Judge ("ALJ") determined that plaintiff had "the following severe impairments: (1) obesity, (2) schizophrenia, with a favorable response to medication, (3) a personality disorder, not otherwise specified, and (4) high borderline intellectual functioning[.]" (ALJ Decision, Doc. No. 12 at 75, citations omitted.) The ALJ concluded that these limitations did not meet the severity required by the Listing of Impairments in the Social Security Regulations. (*Id*. at 75-76.) He further determined that plaintiff had the physical residual functional capacity ("RFC") to perform the full range of medium duty work as defined in 20 C.F.R. § 1567(c) and 416.967(c). (*Id*. at 79.) "Mentally, however, the [plaintiff] is limited to simple, routine, repetitive tasks involving only simple, work-related decision-making and, in general, few workplace changes." (*Id*.)

---

[1] All page citations in this opinion are to the Page ID# assigned by CM ECF.

The ALJ ultimately concluded that plaintiff was "not disabled" because "[c]onsidering [her] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." (*Id.* at 88, citations omitted.)

## II. STANDARD OF REVIEW

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* review as to those portions of the document to which objection is made. Review of the ALJ's determination, in turn, is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (further citations omitted)).

If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). However, "even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen*

*v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citation omitted)). Likewise, this Court cannot uphold an ALJ's decision, even if there "'is enough evidence in the record to support the decision, [but] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (citations omitted)); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-546 (6th Cir. 2004) (finding that it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 20 C.F.R. § 404.1505(a). Consideration of disability claims follows the familiar five step review process. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant through the first four steps; the burden shifts then to the commissioner in step five. However, the claimant bears the ultimate burden of proving that he or she is entitled to disability benefits. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

**III. DISCUSSION**

Aside from registering a note of general disagreement with the recommendations and conclusions contained in the R&R,[2] plaintiff raises one specific objection, attacking the Magistrate Judge's conclusion "that substantial evidence supported the ALJ's analysis of treating psychiatrist Dr. Bhatt's medical source statement." (Objection at 626 [citing R&R at 619-20].) It is undisputed that psychiatrist Sharad H. Blatt, M.D. was plaintiff's treating psychiatrist from, at least, early June 2008, and that the ALJ determined that Dr. Blatt's opinion that plaintiff had "no useful ability to function" in most areas of work-related mental tasks was entitled to "little weight." (ALJ Decision at 86-87.) Plaintiff's objection, therefore, calls into question the ALJ's application of the treating physician's rule.

A treating physician's medical opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). When the ALJ does not give controlling weight, he or she must give good reasons, *id.*, and must then apply certain other factors specified in the regulation, including the length of the treatment relationship and the frequency of

---

[2] "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.")

examination, the nature and extent of the treatment relationship, the supportability of the opinion based on the record, the consistency of the opinion with the record as a whole, and whether the physician is a specialist. 20 C.F.R. § 404.1527(c)(2)(i) and (ii); § 404.1527(c)(3)-(5).

There is no magic language that an ALJ must use to show that he or she has considered the factors in 20 C.F.R. § 404.1527. Rather, the ALJ must set forth his or her supporting reasoning, based on evidence in the record, to allow for meaningful judicial review. *Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011) (the requirement that rejection of a treating physician's opinion always be supported by good reasons is "intended 'to let claimants understand the disposition of their cases'" and to "'permit[] . meaningful' and efficient 'review of the ALJ's application of the [treating physician] rule'") (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir 2004)). Furthermore, even if the ALJ had technically violated the treating physician rule by not giving "good reasons" for rejecting the treating physician's opinion, that violation "constitutes harmless error if the ALJ has met the goals of the procedural requirement— to ensure adequacy of review and to permit the claimant to understand the disposition of his case—even though he failed to comply with the regulation's terms." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) (citing *Wilson*, 378 F.3d at 547). "An ALJ may accomplish the goals of this procedural requirement by *indirectly* attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record." *Id*. (emphasis in original) (citations omitted). "Notably,

courts look to the ALJ's decision itself, and not other evidence in the record, for this support." *Id.*

By way of objection, plaintiff lifts from the ALJ's decision two sentences wherein the ALJ observed: "[Dr. Bhatt's] own treatment records do not document this level of dysfunction, which would require virtual around-the-clock care and supervision. Moreover, the frequency of the claimant's sessions with Dr. Bhatt are [sic] not consistent with a person as limited as Dr. Bhatt opines." (Objection at 626 [quoting ALJ Decision at 86-87].) Plaintiff complains that the R&R failed to recognize that the ALJ misevaluated the opinion of this treating physician. According to plaintiff, "[t]he Magistrate Judge disconnected the first and second clauses of the ALJ's first sentence cited above and found the first clause to be supported by substantial evidence despite the second clause being 'speculative' and similar to reasoning which has been rejected by the Court before." (*Id.* [citing R&R at 619-20].)

Plaintiff's attempt to consider these statements by the ALJ in a vacuum ignores the totality of the ALJ's analysis that preceded his conclusion that Dr. Bhatt's opinion of plaintiff's limited functional capacity was entitled to little weight. In reaching this conclusion, the ALJ painstakingly laid out the treatment history between plaintiff and Dr. Bhatt, carefully sifting through Dr. Bhatt's own treatment notes. This review was not merely a rote recitation of symptoms plaintiff displayed and the treatment she received from Dr. Bhatt. Instead, the ALJ carefully chronicled both periods of stability when plaintiff was taking her medication as directed, and episodes of decompensation plaintiff

experienced, which were often immediately preceded by a period of time in which she was not taking her medication. (ALJ Decision at 77-79.)

Included among the evidence the ALJ highlighted from Dr. Bhatt's notes was the following:

- Following an episode of decompensation brought on by failure to take medication as directed, plaintiff was seen on June 27, 2008, during which Dr. Bhatt noted plaintiff was experiencing a period of stability where she was "calm and not depressed[.]"

- Plaintiff was seen by Dr. Bhatt periodically between August 2008 and March 2010. During this period, Dr. Bhatt repeatedly noted that plaintiff was "stable[,]" that she was "calm and cooperative," and that her "judgment and insight was intact[.]" Following a visit on February 1, 2010, Dr. Bhatt observed that, "in the period of time I have known her, which was over a year, [plaintiff] has not really exhibited many [signs] of psychosis."

- Following another episode of decompensation in April 2010 that lasted seven (7) days, plaintiff was "stable" for approximately one year. During this time she was attending college and her "[s]leep, appetite, energy and mood [were] good."

- After another short period of decompensation, plaintiff was seen by Dr. Bhatt on May 20, 2011, when he reported that she was "much better," "without pressured speech, flight of ideas, or hallucinations." Dr. Blatt noted that, "[s]ince last seen [plaintiff] said that things in general were much better, her husband, who was present, agreed."

(ALJ Decision at 77-78, citations and further quotation marks omitted.) These notes charting plaintiff's significant periods of stability when she was medically compliant provide substantial evidence to support the ALJ's conclusion that Dr. Bhatt's assessment of plaintiff's functional capacity was inconsistent with his own progress notes and was

8

not supported by the record.[3] Because Dr. Bhatt's opinion was contradicted by the record, it was properly afforded little weight.

Indeed, the ALJ used the same, sound analysis to reject the medical opinion of non-examining State agency psychologist Marianne Collins because she *underestimated* plaintiff's limitations. With respect to Dr. Collins's determination that plaintiff could function with "no limitations[,]" the ALJ observed: "[b]ecause the medical evidence of record [set forth in the decision] establishes that the [plaintiff's] mental impairments result in greater limitations in these realms than determined by Dr. Collins, this opinion is accorded little weight in the determination of this matter." (ALJ Decision at 86.) While greater weight is generally to be afforded to a treating psychologist, like Dr. Bhatt, than a non-treating psychologist, like Dr. Collins, an ALJ need not give weight to any medical opinion that is contradicted by the record. *See generally Wilson*, 378 F.3d at 544.

Nonetheless, plaintiff suggests that the ALJ mischaracterized Dr. Bhatt's opinion. Plaintiffs states that she "did not and does not argue that Dr. Bhatt's treatment notes depict an individual who required 'around-the-clock care and supervision'" (Objection at 626 [citing ALJ's Decision at 86-87].) According to plaintiff, Dr. Bhatt's opinion was not as extreme as the ALJ suggested, and a finding that plaintiff has "no

---

[3] "It is well established that to obtain benefits, a claimant must follow the recommended prescribed treatment, or have good reasons for failing to do so." *Smith-Marker v. Astrue*, 839 F. Supp. 2d 974, 984 (S.D. Ohio 2012) (citing 20 C.F.R. § 404.1530). Of course, "[s]ymptoms of a mental disorder may constitute 'good reasons' for not adhering to prescribed treatment." *Id*. (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009)). Here, however, there is "no substantial evidence in the record to support a finding that [p]laintiff's failure to take her medication is related to her" psychological impairments. *Id*. Rather, plaintiff testified, in the hearing, that she and her husband often do not have the money to purchase the various medications that manage her psychiatric symptoms. (ALJ Decision at 81; Hearing Transcript at 123-25.)

9

useful ability to function" in work-related activities is supported by the record. The Court disagrees. As set forth above, the record demonstrates (mostly through Dr. Bhatt's own treatment notes) that plaintiff was generally stable and able to cope with every-day activities when she was medically compliant. As the R&R properly notes, plaintiff's brief periods of decompensation were chiefly the result of her failure to take her medication as prescribed and were usually resolved when she resumed taking her medications. (R&R at 620 [citing Dr. Bhatt's treatment notes].) The ALJ properly evaluated the record as a whole in determining that Dr. Bhatt's opinion was inconsistent with other substantial evidence in the case record.

In reaching this conclusion, the Court agrees with the R&R's observation that the ALJ may have impermissibly substituted his own lay opinion as to the treatment and care someone with the mental limitations Dr. Bhatt assigned to plaintiff would require. *See Winning v. Comm'r of Soc. Sec.*, 661 F. Supp. 2d 807, 824 (N.D. Ohio 2009) (criticizing the ALJ's use of "her own opinions about what symptoms a person with anxiety should exhibit" to discount the claimant's testimony). Unlike the situation in *Winning*, however, the ALJ here also relied on the medical evidence in the record to discount the treating psychologist's opinion. *Cf. id.* ("The ALJ's conclusory statement discrediting [claimant's] testimony regarding her anxiety was made without relying on *any* medical evidence or authority.") (emphasis in original). Rather, the ALJ gave good reasons for his determination that Dr. Bhatt's opinion was inconsistent with other substantial evidence in the case and included specific references to the record to support

his conclusion. Under these circumstances, the Court concludes that a remand to the ALJ is not necessary.

## IV. CONCLUSION

For the reasons set forth herein, plaintiff's objection is overruled. The R&R is accepted and its reasoning adopted. The decision of the Commissioner to deny plaintiff's claim for disability insurance benefits and supplemental security income is affirmed and this case is dismissed.

**IT IS SO ORDERED**.

Dated: August 22, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**